**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

**STEVEN ALEXANDER WEINERT**                                    **PLAINTIFF**

**v.**                              **Case No. 2:26-CV-02006-DCF**

**SCOTT SAWYER,** *et al.*                                      **DEFENDANTS**

**<u>ORDER</u>**

Before the Court is the Magistrate Judge's Report and Recommendation (R&R) (Doc. 15) and Plaintiff's timely filed objection (Doc. 16). For the reasons set forth below, this Report and Recommendation should be, and hereby is, approved and adopted as this Court's findings in all respects and in its entirety.

## I.    BACKGROUND

This is a civil rights action filed under 42 U.S.C. § 1983. (Doc. 1, p. 2). Plaintiff Steven Alexander Weinert, resident of Oklahoma, is a self-represented detainee of Leflore County Detention Center. (*Id.* at 2; Doc. 5, p. 1). This action names as Defendants Scott Sawyer, resident of Arkansas, Sheriff of Polk County, as well as Ben Lindsey, resident of Arkansas, Deputy of the Polk County Sheriff's Department. Finally, Plaintiff names the Board of County Commissioners of Polk County, Arkansas. (Doc. 1, pp. 3-4). This action was initially filed in the Eastern

1

District of Oklahoma and was brought to this court on an Order to Transfer. (Doc. 5). This action is brought to this Court on Federal Question Jurisdiction. (*Id.* at 2).

On January 12, 2026, Plaintiff filed his Complaint in the Eastern District of Oklahoma, alleging claims of Fourteenth Amendment violations of Due Process and Fourth Amendment violations of Excessive Force. (Doc. 1, pp. 5-6). Plaintiff alleges that the Defendants began violating his constitutional rights in 2004, in Arkansas, culminating in his arrest in Oklahoma on July 16, 2023. (*Id.* at 9-11). Plaintiff also alleges that Polk County has implemented a policy of excessive force. (*Id.* at 6). On January 27, 2026, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* (IFP) in the Eastern District of Oklahoma. (Doc. 4).

On February 3, 2026, the Honorable Oklahoma District Judge White issued an Order to Transfer to the Western District of Arkansas. (Doc. 5). The next day, this Court issued two Orders requiring Plaintiff to file a new IFP application and a new Amended Complaint. (Docs. 9, 10). Plaintiff was put on notice that failure to do so by February 25, 2026, would subject this case to dismissal. (*Id.*)

On February 13, 2026, Plaintiff responded to these Orders with an Objection and Motion to Vacate, asking this Court to continue the lawsuit with the original Complaint and IFP application and to identify deficiencies in the original complaint.

2

(Doc. 11, p. 2). Plaintiff filed a Motion to Transfer Venue back to the Eastern District of Oklahoma on the same day. (Doc. 12, p. 1).

On March 17, 2026, a Report and Recommendation was filed by the Honorable Magistrate Judge Mark E. Ford. (Doc. 15). A timely Objection to said R&R was filed by Plaintiff on April 4, 2026.

## II.    DISCUSSION

At issue are two questions: 1) whether venue is properly placed in the Western District of Arkansas and 2) whether the original Complaint and IFP form should be allowed to proceed despite its non-compliance with Orders from this Court.

### A. The Western District of Arkansas is the proper venue.

As to venue, this Court is persuaded by the respective findings and recommendations of the Honorable Judge White and the Honorable Judge Ford. As both courts point out, Defendants of this case are residents of Arkansas and specifically reside within the jurisdiction of the Western District. (Doc. 1, pp. 3-4). The Complaint contains no claims against any Defendants that reside within the territorial jurisdiction of the Eastern District of Oklahoma. (*Id.* at 3-4).

In addition, the Complaint alleges claims of constitutional violations occurring since 2004 in *Arkansas*, and a policy of excessive force that Polk County, located in *Arkansas*, has implemented. (*Id.* at 9-10). Plaintiff states, "The foregoing

3

complaint is based off a continuing pattern of use of excessive force by Polk County Sheriff's Department against myself beginning first in 2004 and ending July 16, 2023." (Doc. 1, p. 9). Plaintiff continues, "A brief summary of the next 19 years includes a life of suffering and oppression by mainly the Polk County Sheriff's Department." (Id. at 10). In contrast, there is one claim regarding an arrest in Oklahoma against Defendant Ben Lindsey, an *Arkansas* resident from an *Arkansas* Sheriff Department. Plaintiff says this Defendant "was improperly trained by a sheriff who has a longstanding pattern of excessive [force] himself[.]"

Judge White rightly concludes that a substantial portion of the events or omissions giving rise to the claims occurred in the Western District of Arkansas, and that the Eastern District of Oklahoma is an improper venue. "A civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C.A. § 1391(b)(1), (2). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff argues that venue is proper in the Eastern District of Oklahoma because "[t]he events which gave rise to the claim wholly occurred in Pushmataha

County, Oklahoma . . . The actual excessive force claim arose in Claim 2, Complaint p. 5, where Defendant Ben Lindsey . . . shoved plaintiffs face into the ground." (Doc. 12, p. 1).  This characterization of the Complaint ignores all the other allegations that arise from conduct taking place in Arkansas.  It also ignores that the Complaint's request for relief of more than two million dollars relies heavily on claims related to conduct that took place in Arkansas: "[H]ad it not been for Polk County's actions . . . . I would more likely than not at 17 went on to have a successful and honorable military career bolstered by a successful academic degree or two." (Doc. 1, p. 14).

Plaintiff also argues under *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658 (1978) and *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397 (1997) that the Arkansas claims are the "underlying claims of [the excessive force claim] and do not constitute a substantial part of the events giving rise to plaintiff's claims."  (*Id.* at 6-7).

The Plaintiff points to *Checki v. Webb*, 785 F.2d 534 (5th Cir. 1986) and *Andrade v. Chojnacki*, 934 F.Supp. 817 (S.D. Texas, 1996) to state that the substantial events of the claim did not arise from the conduct that took place in Arkansas, but instead arose from conduct in Oklahoma, since the claims of "deliberate indifference [and] failure to train claims [were] not an intentional initiation of the whole affair." (Doc. 12, pp. 5-6).  Instead, these claims instead were "planning events" that the *Andrade* court said were not a substantial part of the

5

events or omissions giving rise to Plaintiff's claims.  (*Id.* (citing *Andrade*, 934 F. Supp. at 828-29)).

First, as Plaintiff admits, *Checki* and *Andrade* are not binding, and this Court sees no reason to adopt Fifth Circuit precedent in this case.  Next, *Brown* and *Monell* say nothing about venue, let alone whether such "underlying claims" constitute substantial events in a venue analysis.  *Monell* merely ruled that municipalities and other local governments can be sued under a §1983 claim.  *Brown* evaluated municipal liability for a mere hiring decision, which is inapposite here.  Finally, the burden of proof articulated in these cases for "underlying claims" say nothing about where venue can be properly laid.

The Complaint alleges that Plaintiff was slapped and beat up by the Sheriff and other officers in Arkansas in 2004; that Plaintiff was effectively "sentenced to banishment" by Polk County, with officers harassing him with pre-text citations in 2010; and that Polk County's "responses" to Plaintiff were exaggerated.  (Doc. 1, p. 10).  In addressing the Oklahoma District Judges, Plaintiff stated that he was chased into Oklahoma's jurisdiction and that this case was "dumped [on] ya'll (sic) to cover [the rights violations] up."  (*Id.* at 13).

Even if the Eastern District of Oklahoma were a proper venue, Judge White correctly points out that placing venue in the Western District of Arkansas would

promote the interests of justice.  (Doc. 5, p. 2 (citing 28 U.S.C.A § 1404(a); *Trujillo v. Williams,* 465 F.3d 1210, 1222 (10th Cir. 2006)).  Judge White pointed to the transfer-determining factors in *Emps. Mut. Cas. Co.*, 618 F.3d 1153, 1167 (10th Cir. 2010) and found that they weighed in favor of transfer to the Western District of Arkansas. (*Id.*).  The sources of proof, convenience of the witnesses, and this Court's higher familiarity with the legal issues emanating from the Polk County Sheriff's Office and its deputies all weigh in favor of venue being placed in this Court.  (*Id.* at 2-3).  Though Plaintiff argues that these factors weigh more in favor of the Eastern District of Oklahoma, he centers the incident that occurred in Oklahoma and does not address the Arkansas related claims.  (Doc. 12, p. 7).

Ultimately, this is a Complaint against Arkansas defendants, about events that substantially occurred in Arkansas, which allegedly culminated in the excessive force used by an officer of Polk County, Arkansas, that happened to occur in Oklahoma—making this Court a proper venue for this action.  This Court finds persuasive the findings and recommendations of the Magistrate Court on the issue of venue and adopts them as its own.

**B. The Plaintiff's claims are rightfully dismissed.**

On February 4, 2026, two Orders were issued by the Western District of Arkansas that directed the Plaintiff to submit a new and completed IFP application

and Amended Complaint by February 25, 2026.  (Docs. 9, 10).  As the Magistrate Court points out, both Orders specifically advised Plaintiff that a failure to return the required documents by the deadline would result in the case being subject to dismissal.  (*Id.*).  Instead of filing the requested documents, Plaintiff filed an Objection and Motion to Vacate, and two Motions to Transfer Venue.  (Docs 11, 12, 14.).  Plaintiff insisted that he wished to proceed in the Eastern District of Oklahoma, and that the Orders, Documents 9 and 10, be vacated.  (Doc. 11, p. 2).  To date, the required documents have not been filed.  Plaintiff stated that "he has no intention of amending neither his complaint nor the IFP."  (Doc. 11, p. 4).

Though *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states that "if any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

The Federal Rules specifically contemplate dismissal of a case on the grounds that a plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ P. 41(b).  The district court possesses the power to dismiss *sua sponte* under Rule 41(b).  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  Additionally, a district court has the power to dismiss an action based on "the plaintiff's failure to

8

comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803-804 (8th Cir. 1986) (emphasis added). And, even if the Complaint or Motion for Leave to Proceed *In Forma Pauperis* was accepted in another circuit, this Court can still require the Complaint amended to fit its own court-approved form. *Monk v. Columbia County Detention Facility, et.al.,* Case No. 1:23-CV-01032 WL 4113211 at *1 (W.D. Ark. 2023).

In objection to the R&R, the Plaintiff argues that, to avoid replacing his original complaint, to avoid application of Eighth Circuit precedent, and to avoid the prejudice of being required to wait for another Certified Trust Statement, he objected to the Orders and requested clarification on the deficiency of the original Complaint and IFP application. (Doc. 16, p. 1). He contends that the Magistrate Court improperly entered this R&R instead of clarifying the deficiencies pursuant to Fed. R. Civ. P. 60(a). (*Id.* at 2). While a court may correct a clerical mistake or mistake arising from oversight or omissions under Rule 60(a), entering an R&R is not a mistake as Plaintiff suggests. Moreover, the deficiencies in the Complaint were noted in the Orders—the complaint and the IFP application were not submitted in a court-approved form. (Docs. 9, 10). No further clarification was needed.

Plaintiff further argues that he complied with federal and local rules, since he responded to the two court orders within the thirty-day period in compliance with Local Rule 5.5(c)(2). (Doc. 16, p. 2). Though Local Rule 5.5(c)(2) states that a

*response* is required within thirty days, it also requires that the plaintiff follow the Federal Rules of Civil Procedure. A failure to comply with court orders can subject the action to dismissal. Fed. R. Civ. P. 41(b). This circuit has specifically stated that a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown*, 806 F.2d at 803-04. (emphasis added).

Here, instead of complying with the court orders that specifically requested a new IFP application and Amended Complaint be filed, Plaintiff submitted an Objection and Motion to Vacate the Orders and a Motion to Transfer Venue. (Doc. 11, 12, 14). And he did this with full notice that his action may be dismissed for non-compliance.

As such, this Court finds persuasive the findings and recommendations of the Magistrate Court on the issue of dismissing Plaintiff's claims and adopts them as its own.

## III.   CONCLUSION

After careful consideration of the entire record and relevant case law, the Court in its sound discretion has determined that the Magistrate Judge's Report and Recommendation (Doc. 15) should be, and hereby is, **ADOPTED IN ITS ENTIRETY** and Plaintiff's Objection to the R&R (Doc. 16) **OVERRULED**. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's pending Motion for

Leave to Proceed *In Forma Pauperis* (Doc. 4), Objection and Motion to Vacate (Doc.

11), and Motions to Transfer Venue (Docs. 12, 14) be **DENIED** and Plaintiff's

Complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**.

      **IT IS SO ORDERED** this 9th day of July 2026.


*/s/ David Clay Fowlkes*
DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE